UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH TERRELL BUTLER,

                             Plaintiff,

                    v.                               9:07-CV-521
                                                               (FJS/GHL)

G. MARTIN, Correction Officer, Upstate
Correctional Facility; and JOHN DOE,
Correctional Officer, Upstate Correctional
Facility,

                             Defendants.
_____

**APPEARANCES**                                  **OF COUNSEL**

**KEITH TERRELL BUTLER**
**05-A-1392**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **AARON M. BALDWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant Martin

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      In his complaint, Plaintiff generally alleges that Defendant Martin and other unidentified Corrections Officers assaulted him on May 3, 2007, while he was incarcerated at Upstate Correctional Facility. *See, generally,* Dkt. No. 1.

On September 26, 2008, Defendant Martin filed a motion for summary judgment on the ground that Plaintiff had not exhausted his administrative remedies as the Prison Litigation Reform Act of 1995 ("PLRA") required him to do prior to commencing this action. *See* Dkt. No. 56. Plaintiff filed papers in opposition to that motion, *see* Dkt. No. 58, and Defendant Martin filed a reply in further support of his motion, *see* Dkt. No. 60.

In a Report-Recommendation and Order dated August 7, 2009, Magistrate Judge Lowe recommended that this Court grant Defendant Martin's motion and that the Court *sua sponte* dismiss Defendant John Doe from this action due to Plaintiff's failure to timely name and/or serve him. *See* Dkt. No. 70 at 2. Plaintiff filed a timely objection to those recommendations. *See* Dkt. No. 71.

## II. DISCUSSION

In reviewing a magistrate judge's report-recommendation, the district court may decide to accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). *De novo* review is not required, however, if a party fails to file specific objections. *See Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Nor is a court required to conduct *de novo* review where the parties' objections to the magistrate judge's recommendations repeat the arguments that the parties made in the original pleadings. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citations omitted).

In the present case, Plaintiff's objections repeat the same arguments that he made in

opposition to Defendant Martin's motion for summary judgment, i.e., that he tried to exhaust his administrative remedies by filing a grievance but that an unidentified corrections officer or officers tossed the grievance. *See* Dkt. No. 71 at ¶ 3. In addition, with respect to Magistrate Judge Lowe's recommendation that the Court dismiss the claims against Defendant John Doe, Plaintiff merely argues that he identified Defendant John Doe as J. Desotelle but that the Court struck the document in which he did so. *See id.* at ¶ 2.

As Magistrate Judge Lowe noted, the PLRA requires that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. In his Report-Recommendation and Order, Magistrate Judge Lowe correctly applied the Second Circuit's three-part inquiry for analyzing a defendant's claim that a plaintiff has failed to exhaust the available administrative remedies and concluded that, because "there [was] no genuine issue as to any material fact regarding Plaintiff's failure to exhaust his available administrative remedies," the Court should grant Defendant Martin's motion for summary judgment. *See* Dkt. No. 70 at 6-10.

Having reviewed the entire record, including Plaintiff's objections to Magistrate Judge Lowe's recommendations, the Court concludes that Plaintiff has come forward with no evidence to dispute Defendant Martin's documentary proof that Plaintiff failed to exhaust the administrative remedies that were available to him despite being provided with numerous opportunities, including an extension of time, to do so.[1]

---

[1] Since the Court has determined that Plaintiff failed to exhaust his administrative remedies prior to filing this action, it need not address whether his failure properly to identify and
(continued...)

### III. CONCLUSION

After carefully reviewing the entire file in this matter, including Magistrate Judge Lowe's Report-Recommendation and Order dated August 7, 2009, Plaintiff's objections thereto, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lowe's August 7, 2009 Report-Recommendation and Order is **ADOPTED**; and the Court further

**ORDERS** that Defendant Martin's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE**[2] because Plaintiff failed to exhaust his available administrative remedies as the PLRA requires; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 14, 2010
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[1](...continued)
to serve Defendant John Doe should result in the dismissal of his claims against this Defendant.

[2] The Second Circuit has repeatedly held that "a dismissal for failure to exhaust available administrative remedies should be 'without prejudice' . . . ." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) (citations omitted).